# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sallu Dion Sarjoh,<br><br>Defendant. | Case No. 23-CR-00075(02) (SRN/TNL)<br><br><br>**ORDER** |

Kristian C.S. Weir, U.S. Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the Government

Sallu Dion Sarjoh, Reg. No. 50604-510, FCI-Forrest City, P.O. Box 3000-Medium, Forrest City, AR 72336, Pro Se

_____

SUSAN RICHARD NELSON, United States District Judge

Before the Court are two pro se motions filed by Defendant Sallu Dion Sarjoh:  (1) Motion for Sentence Reduction Under 28 U.S.C. § 3582(c)(2) ("Motion for a Sentence Reduction") [Doc. No. 141], and Motion for Appointment of Counsel [Doc. No. 142].  For the reasons set forth below, the motions are denied.

## I.    BACKGROUND

On August 21, 2024, the Court sentenced Mr. Sarjoh to a term of imprisonment of 78 months following his guilty plea to carjacking.  (Sentencing J. [Doc. No. 125].)  Mr. Sarjoh did not file a direct appeal or seek collateral relief under 28 U.S.C. § 2255.

In January 2026, Mr. Sarjoh filed a Pro Se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines [Doc.

1

No. 137]. He argued that he was entitled to a sentencing reduction based on a guideline sentencing range that had been lowered by Amendment 821, and made retroactive by the U.S. Sentencing Commission. Amendment 821 changes to the Guidelines went into effect on November 1, 2023.

The Court found Mr. Sarjoh was ineligible for relief for two reasons. (Feb. 11, 2026 Order [Doc. No. 139] at 1.) First, the 2023 Guidelines Manual was in effect at the time of Mr. Sarjoh's sentencing, so the Court would have applied the 821 Amendments, applicable to zero-point offenders and offenders who received status points for committing their offense while on probation or supervised release, if they had applied to Sarjoh. (*Id.*) Second, the amendments did not apply to Mr. Sarjoh because he did not qualify as a zero-point offender, nor did he receive status points in the calculation of his criminal history score. (*Id.*)

## II.    DISCUSSION

Mr. Sarjoh states that his current motion is not an Amendment 821 motion. (Mot. for Sentence Reduction at 2.) Rather, he asks the Court "for a sentence reduction under new law retroactive under 4A1.2 w[h]ere the Courts made my points high as well gave to me to[o] much time on the charge" because he was "on probation during the time of arrest." (*Id.* at 1.)

Mr. Sarjoh's motion fails, both procedurally and factually. Under 18 U.S.C. § 3582(c)(2), the court may not ordinarily modify a term of imprisonment once it has been imposed, but it may do so if the defendant has been sentenced to a term of imprisonment

2

based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Mr. Sarjoh invokes U.S. Sentencing Guidelines § 4A1.2(a)(2) as his basis for relief under § 3582(c)(2).  Section 4A1.2 of the Guidelines concerns the calculation of a defendant's criminal history category, and provides that if a defendant has multiple prior sentences, the Court must determine whether those sentences are counted separately or treated as a single sentence.[1]  U.S.S.G. § 4A1.2(a)(2).  It provides no mechanism for post-conviction relief, nor does it refer to the effect of any "new law" made retroactively available for such relief.  (*See* Def.'s Mot. for Sentence Reduction at 1.)

By contrast, U.S. Sentencing Guidelines § 1B1.10 provides for a reduction in term of imprisonment as a result of an amended guideline range.  However, this is the authority under which Mr. Sarjoh previously sought relief, invoking Amendment 821 for a lower guideline range.  Although Mr. Sarjoh expressly disclaims that his current motion arises under Amendment 821 (Mot. for Sentence Reduction at 2), he refers to having been on probation at the time of his arrest, suggesting that he is seeking relief under Amendment 821 based on status points.  For the reasons previously stated, however, Mr. Sarjoh received

---

[1] Section 4A1.2(a)(2) provides that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2).  Mr. Sarjoh's prior convictions for which he received criminal history points were clearly separate offenses, involving different charges that occurred at different times.

no status points in the calculation of his criminal history score, and is not entitled to relief on this basis.

For all of these reasons, Mr. Sarjoh is not entitled to relief under § 3582(c)(2) or U.S. Sentencing Guidelines §§ 1B1.10 or 4A1.2(a)(2).   Because he fails to present a cognizable claim, his related Motion for Appointment of Counsel is denied as moot.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1.  Defendant's Pro Se Motion for Sentence Reduction Under 28 U.S.C. § 3582(c)(2) [Doc. No. 141] is **DENIED**.

2.  Defendant's Pro Se Motion for Appointment of Counsel [Doc. No. 142] is **DENIED AS MOOT**.

Dated: June 11, 2026                                    s/Susan Richard Nelson
                                                              SUSAN RICHARD NELSON
                                                              United States District Judge

4